602 A.2d 396

**Richard V. LENZI, Petitioner,**

v.

**AGRICULTURAL LAND PRESERVATION
BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1991.

Decided Jan. 7, 1992.

Reargument Denied March 17, 1992.

John J. Miravich, for petitioner.

Randall N. Sears, Asst. Counsel, for respondent.

Jeffrey L. Schmehl, Berks County Sol., for intervenor.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This is an appeal from an adjudication of the State Agricultural Land Preservation Board (State Board) brought by Richard V. Lenzi. Donald B. and Ann M. Duncan and the Berks County Agricultural Land Preservation Board (County Board) have intervened.

This dispute arises out of a proposed joint purchase by the Commonwealth and Berks County for an "agricultural conservation easement" under the authority of the Agricultural Area Security Law (Law), Act of June 30, 1981, P.L. 128, *as amended*, 3 P.S. §§ 901–915.[1]  Lenzi is chal-

1.  A "agricultural conservation easement" is defined as follows:

lenging the easement purchase because he believes the land in question is not a proper subject for an agricultural conservation easement. The issues raised in this appeal, however, are procedural rather than substantive because Lenzi argues that he was not afforded notice and an opportunity to be heard and because the State Board did not conduct a hearing. Before turning to those issues we will first begin with an overview of the law and companion regulations.

The process established by the law for the conservation of Pennsylvania farmland is set in motion by one or more landowners who asked a local governing unit to designate their land as an "agricultural security area." Section 5(a) of the Law, 7 Pa.Code §§ 138.2, 138.6. The local governing unit gives public notice of the request and establishes an advisory committee to consider it. 7 Pa.Code § 138.7. Comments and modifications are invited from other local government units affected, persons whose land is included in the security area, as well as neighboring landowners. Section 5(b) of the Law. The local governing unit then gives notice of a public hearing to consider the creation of the agricultural security area.[2]

After hearing the interested parties and considering the express criteria of Section 7 of the Law, the local governing unit may adopt the proposal with or without modification. After the farmland is designated an agricultural security area, a legal description is filed with the recorder of deeds and indexed in a way that is sufficient to give notice to potential purchasers of the designated lands and also adja-

> An interest in land, less than fee simple, which interest represents the right to prevent the development or improvement of the land for any purpose other than agricultural production. The easement may be granted by the owner of the fee simple to any third party or to the Commonwealth, to a county governing body or to a unit of local government. It may be granted for a term of 25 years or in perpetuity, as the equivalent of covenants running with the land. Section 3 of the Law, *as amended,* 3 P.S. § 903.

**2.** The notice must conform to requirements of the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286, according to the express provisions of Section 6(c) of the Law.

cent lands. Section 8 of the Law. Every seven years thereafter, the local governing unit must review the agricultural security area and determine whether it will continue the protected status.

Only after an agricultural security area is established by the local governing unit does the County Board have the authority to purchase an agricultural conservation easement, and only for land included in the security area. Section 14.1(b) of the Law, 7 Pa.Code § 138.4. Consequently, when the County proposes such a purchase or recommends such a purchase to the State Board, the public has already had notice and the opportunity to be heard on the issue of whether the land in question meets the criteria of the law and regulations and furthers the purpose of the legislature.

The Duncans applied to the County Board offering to convey easements to 130 acres of their farmland as participants in an agricultural security area. On their application the Duncans indicated that their land had already been designated as an agricultural security area. The County Board accepted their proposal and recommended that the County and Commonwealth jointly purchase the conservation easement in perpetuity. The proposed consideration for the easement was $340,782.10.

Lenzi owns a neighboring farm in Berks County which is adjacent to the Duncan farm. He had not applied for participation in the conservation program at the time that the Duncans' application was considered by either the County Board or the State Board.

■ Lenzi raises the following issues in this appeal: 1) whether the procedures followed by the State Board violate the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704, because the State Board did not provide notice and an evidentiary hearing; 2) whether the State Board violated Lenzi's due process rights to notice and an opportunity to be heard; 3) whether the State Board's approval of the Duncans' application for an agricultural conservation ease-

ment is supported by substantial evidence; 4) whether the State Board's approval and subsequent ratification of the Duncans' application is a nullity because there was no quorum present at the meeting at which the State Board purportedly approved the application; and 5) whether the State Board's attempt to ratify the approval at a subsequent meeting was invalid since an appeal had already been taken and the Board was without power to act. The Respondents argue that Lenzi has no standing to prosecute this appeal.

We begin by examining the standing issue raised by Respondents. Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702 provides that:

Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

We have held that an aggrieved person need not be a party to the administrative adjudication, but any person who has a direct interest. *Pennsylvania Automotive Association v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 121 Pa. Commonwealth Ct. 352, 550 A.2d 1041 (1988). We further explained that one has a direct interest if he is able to show that the adjudication causes harm to his interests. *Id.* In this case we conclude that Lenzi has standing under the Law because the legislature expressly recognized the interest of neighboring landowners.

In Section 5(b) of the Law, the legislature has provided that when a proposal for an agricultural security area has been made, notice shall be given which will include a statement that a neighboring landowner may propose modifications to the proposal. See also 7 Pa.Code § 138.9. Moreover, once an agricultural security area is designated a description of the area is filed in the Recorder of Deeds Office in a manner which will give notice to a perspective purchaser of adjacent parcels that the agricultural security

area has been designated. Section 8(c) of the Law. Since the legislature has recognized the interest of neighboring property owners, those persons clearly have a recognized interest under the Law. Consequently, we reject Respondents' argument that Lenzi has no standing.

■ Having determined that Lenzi is an appropriate person to appeal a State Board's decision, we turn our attention to the procedural deficiencies which he has raised. Lenzi first alleges that the State Board failed to abide by the provisions of the Administrative Agency Law. Under Section 14.1(e)(4) a decision by the State Board is an adjudication subject to the provisions of the Administrative Agency Law. Consequently, the State Board's failure to comply with the Administrative Agency Law's adjudication requirements renders its decision invalid. The Respondents argue that the requirements of the Administrative Agency Law are only available to parties and that since Lenzi is not a party he may not complain of the inadequacies of the procedures. As we have noted, however, he is an interested person under the Law and may complain if the procedures are inadequate to protect his interest.

■ Under Section 14.1(e) of the Law, the legislature has delineated the criteria which the State Board should consider when acting on a recommendation to purchase an agricultural conservation easement. Among the criteria set forth there, the legislature has included a provision that the State Board may reject the recommendation to purchase an easement if the farmland involved is not located within a duly established agricultural security area. Because the Act specifically gives neighboring landowners the right to object when such an area is created under the Law, the neighbor may also object when the State Board considers purchasing a conservation easement when such a purchase would have the same adverse impact on his land. We therefore conclude that the State Board's failure to provide the neighboring landowner with an opportunity to be heard

in a manner consistent with the Administrative Agency Law renders its decision invalid.[3]

■ We note that the matter addressed to the State Board was a request for a joint purchase of a conservation easement and was not a request for a program approval. The program approval, under Section 14.1(d) is a separate and distinct proceeding and is measured by standards and criteria separate from those provided for in Section 14.1(e) of the Law relating to easement purchases. Consequently, on remand the State Board should consider the criteria set forth in Section 14.1(e), and Lenzi should not be permitted to raise issues which should have been more properly raised at another time or in another hearing. If, for example, the Duncan farm was properly designated an agricultural security area by the local governing unit then the factors considered in making that determination should not be relitigated. *See, e.g.,* Section 7 of the Law. Persons aggrieved by the decision of a local governing unit designating agricultural security areas are directed to address their appeals to the common pleas court. Section 10 of the Law. On remand the State Board should consider only those matters appropriate to a request for the purchase of the conservation easement as provided in Section 14.1(e) of the Law.

Accordingly, we vacate the decision of the State Board and remand this matter for a hearing consistent with the foregoing opinion.

This decision was reached before the conclusion of Judge BYER's service.

## ORDER

AND NOW, this 7th day of January, 1992, the decision of the State Agricultural Land Preservation Board in the above-captioned matter is hereby vacated and the matter is

3. Our decision that the procedures followed by the State Board were inadequate to satisfy the provisions of the Administrative Agency Law render it unnecessary for us to address Lenzi's alternative grounds for invalidating the State Board's action.

578

remanded to the Board for a hearing consistent with the foregoing opinion.

Jurisdiction relinquished.